**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WILLIAM J. MCENERY, | ) | Case No. 11-25934 |
| | ) | |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: May 1, 2012 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT, on **May 1, 2012, at 9:30 a.m**., or as soon thereafter as counsel may be heard, the undersigned intends to appear in Room 744 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division, and at that time and place shall present the **FIRST AND FINAL APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 18, 2012 THROUGH AND INCLUDING MARCH 30, 2012**, a copy of which is served herewith upon you.

Dated: April 6, 2012                                    WILLIAM J. MCENERY

                                                                    By: /s/ David P. Holtkamp
                                                                        One of His Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
David P. Holtkamp (6298815)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
          slorber@wfactorlaw.com
          dholtkamp@wfactorlaw.com

## **CERTIFICATE OF SERVICE**

      I, David P. Holtkamp, an attorney, hereby certify that, on April 6, 2012, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing Notice of Motion and the accompanying Motion to be served (1) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (2) on the other persons identified on the appended Service List by U.S. Mail.

                                      /s/ David P. Holtkamp

# SERVICE LIST

**Registrants in the Case**
**(Service through ECF)**

Thomas V Askounis on behalf of Creditor First American Commercial Bancorp, Inc. d/b/a First American Equipment Finance
taskounis@askounisdarcy.com, jburt@askounisdarcy.com;jham@askounisdarcy.com

David Audley on behalf of Creditor Harris N.A.
audley@chapman.com, benz@chapman.com

Matthew J. Botica on behalf of Other Prof. Legends Gaming, LLC
mbotica@winston.com, ECF_BANK@winston.com

Barry A Chatz on behalf of Creditor Standard Bank And Trust Company
bachatz@arnstein.com

Amy E Daleo on behalf of Creditor Firstmerit Bank, NA
adaleo@cohonraizes.com

Devon J Eggert on behalf of Creditor Suburban Bank & Trust
deggert@freebornpeters.com, bkdocketing@freebornpeters.com

David A. Golin on behalf of Creditor Standard Bank And Trust Company
dagolin@arnstein.com, mgonzalez@arnstein.com

Steven M Hartmann on behalf of Creditor Suburban Bank & Trust
shartmann@freebornpeters.com, bkdocketing@freebornpeters.com;awiley@freebornpeters.com

David L Kane on behalf of Petitioning Creditor HOMESTAR BANK
dkane@mpslaw.com, dnichols@mpslaw.com

Myja K Kjaer on behalf of Other Prof. Legends Gaming, LLC
mkjaer@winston.com, ECF_Bank@winston.com

Forrest B Lammiman on behalf of Petitioning Creditor HOMESTAR BANK
flammiman@mpslaw.com, dkane@mpslaw.com;srogovin@mpslaw.com;dnichols@mpslaw.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Kevin H Morse on behalf of Creditor Standard Bank And Trust Company
khmorse@arnstein.com

Lauren N. Nachinson on behalf of Creditor GE Commercial Finance Business Property Corporation
Lauren.Nachinson@quarles.com, Faye.Feinstein@quarles.com;Mary.Krupa-Burr@quarles.com

Michael J. Small on behalf of Creditor First Midwest Bank
msmall@foley.com, thardy@foley.com;khall@foley.com

Joel A Stein on behalf of Petitioning Creditor First Community Bank of Homer Glen & Lockport
joelastein@dlec.com

James Patrick Sullivan on behalf of Creditor Citizens Financial Services, FSB
jsulliva@chapman.com

Timothy M Swanson on behalf of Petitioning Creditor First Community Bank of Homer Glen & Lockport
swanson@dlec.com, stein@dlec.com

Stephen R. Tetro on behalf of Creditor Wilmington Trust Co. in its cap. as Adm. Agent & a steering group of lenders under that certain Amended & Restated Credit Agr. dated as of 8/ 31/ 09 amg. Legends Gaming LLC the lenders parties thereto
stephen.tetro@lw.com, chefiling@lw.com

Barbara L Yong on behalf of Creditor Great Lakes Bank, N.A.
blyong@golanchristie.com, mperez@golanchristie.com

Daniel A Zazove on behalf of Interested Party William J. McEnery Revocable Trust
docketchi@perkinscoie.com

Bruce E de'Medici on behalf of Creditor Colophon Real Properties, LLC
bdemedici@gmail.com

**Service by U.S. Mail (20 Largest Unsecured Creditors)**

| | |
|---|---|
| Center Oil | Plains Marketing |
| 11605 Studt Avenue | 333 Clay Street Suite 1600 |
| Saint Louis, MO 63141 | Houston, TX 77002 |
| FAX: 314-682-3599 | FAX: 713-646-4147 |

Fifth Third Bank
Mz-Bankrupcty East-Rscbte
1830 East Paris Ave. Se
Grand Rapids, MI 49546
FAX: 513-534-6757

Gavilon LLC
c/o Kylie Kuhl
11 Conagra Drive
Omaha, NE 68102
FAX: 402-221-0651

HWRT Oil Co. LLC
1 Plaza Lane
Hartford, IL 62048
FAX: 618-254-8281

Marathon Petroleum
539 S. Main Street
Dept. 1014 M
Findlay, OH 45840
FAX: 419-421-3153

Navajo Refining Company
501 E. Main Street
Artesia, NM 88211-0159
FAX: 214-615-9386

Petroleum Traders Corp.
7110 Pointe Inverness
Fort Wayne, IN 46804
FAX: 260-432-6564

Phillips Petroleum Corp.
600 North Dairy Ashford
Houston, TX 77079-1175
FAX: 918-662-2976

Husky Marketing & Supply Co.
1150 South Metcalf Street
Lima, OH 45804
FAX: 419-226-2740

RKA Petroleum Cos. Inc.
28340 Wick Road
Romulus, MI 48174
FAX: 734-946-4772

Shell Oil Company
c/o Craig Walker
901 Louisiana
Suite 2030
Houston, TX 77002
FAX: 713-241-5055

U.S. Ventures Inc fka U.S. Oil, Inc
PO Box 25
Combined Locks, WI 54113
FAX: 920-730-4251

Us Bank
Po Box 5227
Cincinnati, OH 45201
FAX: 612-303-0782

Valero Marketing & Supply Co.
8182 Maryland Avenue
Saint Louis, MO 63105-3721
FAX: 210-345-2594

Western Refining
2502 N. Black Canyon Highway
Phoenix, AZ 85009
FAX: 602-683-5724

BP Products North America
28100 Torch Parkway
Warrenville, IL 60555
FAX: 973-686-4092

Citgo
1293 Eldridge Parkway
Houston, TX 77077
FAX: 832-486-1817

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WILLIAM J. MCENERY, | ) Case No. 11-25934 |
| | ) |
| Debtor. | ) Hon. Eugene R. Wedoff |

**FIRST AND FINAL APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 18, 2012 THROUGH AND INCLUDING MARCH 30, 2012**

Pursuant to sections 330 and of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, Development Specialists, Inc. ("*DSI*") the exclusive sales agent for William J. McEnery (the "*Debtor*") submits its First and Final Application for Compensation and Reimbursement of Expenses (the "*Application*") seeking compensation in the amount of $224,750.00 and reimbursement of actual and necessary expenses in the amount of $24,985.47 incurred by the Applicant during the period January 18, 2012 through and including March 30, 2012 (the "*Application Period*"), to be paid from sale proceeds and **not** the Bankruptcy Estate. In support of this Application, the Applicant respectfully represents as follows:

**INTRODUCTION**

1.      By this Application, the Applicant respectfully seeks an order of this Court allowing and awarding the Applicant final compensation of its sales commission and reimbursement of actual and necessary expenses for its fees and expenses incurred as part of the auction sale (the "*Auction Sale*") of the Green Garden Country Club property ("*GGCC*")

including approximately 419 acres of real estate located at 9511 West Manhattan-Monee Road in Frankfort, Illinois, improved with a 45-hole golf course, driving range, clubhouse and indoor golf dome (the "*Golf Course*") and certain personal property used in connection with the operations of the Golf Course (the "*GGCC Personal Property*", referred to collectively with the Golf Course as the "*Assets*").

2. The sale of the Assets closed on March 30, 2012, thereby concluding DSI's employment obligations to the Debtor.

## JURISDICTION AND VENUE, CORE PROCEEDING

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. It is referred to this Court by Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of the above-captioned case and of this Motion is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A) and (N).

## BACKGROUND

4. The Debtor is an individual living in Homer Glen, Illinois. He is the owner of Gas City, Ltd., and the trustee and beneficiary of the William J. McEnery Revocable Trust dated 4/22/1993 (the "*Trust*"), each of which is a debtor in a proceeding under Chapter 11 pending before the Court. *See* Case Nos. 10-47849 and 10-47895 (ERW).

5. On June 21, 2011, three entities filed an involuntary petition against the Debtor seeking relief under chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 303.

6. On August 9, 2011, the Court entered an order for relief in the involuntary case and granted the Debtor's request to convert the case to Chapter 11.

7. On January 9, 2012, the Debtor filed his Application to Employ Development Specialists, Inc. as Sales Agent (the "*DSI Application*") [Dkt. No. 167]. The DSI Application sought to employ DSI as the sales agent to assist in the sale of the Assets as contemplated by the Preliminary Procedures Motion. The DSI Application was granted on January 18, 2012 [Dkt. No. 176]. DSI was engaged as the exclusive sales agent to perform the following services in connection with the Auction Sale:

(a) Review GGCC's financial condition - operations, competitive environment, business plans, historical and projected financial results, and forecasted capital requirements.

(b) Prepare a descriptive memorandum that describes GGCC's operations and financial condition, including current financial data and other appropriate information furnished by the GGCC and/or the court-appointed Receiver.

(c) Manage and coordinate the preparation and distribution of selected information and other related documentation describing the Assets, including the preparation of a "Diligence Room" and "Diligence Material".

(d) Evaluate indications of interest and proposals regarding the Assets and the Auction.

(e) Conduct the Sale and Auction process.

(f) Assist the Debtor and counsel in the closing process.

8. Under the terms of the Engagement Letter DSI was provided an expense retainer of $12,500. The expense retainer was paid from funds provided by First Midwest Bank and/or its Assignee/Successor (the "*Lender*").

9. By agreement of the Lender, the out of pocket expense budget for the marketing expense was later increased up to $25,000 in order to facilitate an extremely broad and robust marketing effort. Detail of the expenses is attached as **Exhibit A**.

10. Pursuant to the DSI Application, DSI's sole source for payment under the Retention Agreement or otherwise on account of the services described therein shall be and was First Midwest Bank and **not** the bankruptcy estate. Similarly, DSI shall not have a claim against, or a right to the payment of an administrative expense from, the bankruptcy estate on account of the services rendered hereunder; such rights shall be solely against First Midwest Bank, as the holder of a first lien upon the property being sold by DSI.

11. DSI's retention and engagement letter define the commission fee for these services to be based on the gross sale price of the Assets. Specifically the fee would be an amount equal to 3.5% of the gross sale proceeds up to $4,000,000 plus 4.25% of the incremental value from $4,000,000 to $5,500,000 plus 5.25% of the incremental value above $5,500,000.

12. During the period January 22, 2012 through March 12, 2012 the ("*Marketing Period*"), DSI developed a marketing plan and worked with the Debtor, the Lender, the operator of the GGCC and its staff and professionals to prepare extensive diligence material about the Assets.

13. The Marketing Plan included the use of a national press release followed by newspaper advertising and electronic media marketing through websites, banner ads and e-mail newsletters to sites and subscribers whose readers had interest in real estate, golf and golf course management and/or in the agricultural sector. A copy of the Advertising Budget and Schedule is attached as **Exhibit B**. Specific media outlets include:

A) **Press Release**

   1.) Business Wire – National Release (viewed 1,811 times as of 2/13/12)

B) **Print Newspaper**

   1) Wall Street Journal, National Edition – Business Real Estate Section

    2) Chicago Tribune – Auction Mart

    3) Daily Herald

    4) Southtown Star

    5) Joliet Herald News

**C) Media**:

    1) Prairie Farmer HTML e-mail newsletter

    2) GlobeSt.com Property Alert;  website and e-mail newsletter

    3) ValueClick

14. DSI worked with counsel for the Debtor, counsel for the Lender, and others in order to create and compile a Non-Disclosure Agreement, a Confidential Information Memorandum with Exhibits and five (5) sets of additional diligence material including tax returns, historical financial information, information about the real estate, the receivership and the operation of the golf course and dome.

15. A summary of the number of interested parties receiving information is as follows:

| Number of parties | Information Delivered |
|---|---|
| 60 | Non-Disclosure Statements sent out |
| 29 | Non-Disclosure Statements executed |
| 29 | Plats of Survey sent out |
| 29 | Additional Material 1 package sent out |
| 28 | Additional Material 2 package sent out |
| 28 | Additional Material 3 package sent out |
| 28 | Additional Material 4 package sent out |

      25          Additional Material 5 package sent out

      5           On-Site tours

21. Pursuant to the sales procedures and Order Granting Debtor's Motion Under Chapter 11 U.S.C. §§ 105 and 363 for (I) Sale of Certain Assets Free and Clear of Liens, Claims Encumbrances and Interests, (II) Approval of Procedures for Sale of Assets, and (III) Related Relief, all qualified bidders were required to submit a qualified bid no later than 12:00 noon (prevailing Central Time) on March 9, 2012. Among other things a qualified bidder had to provide for a cash purchase price with respect to the Assets in the sum of at least $5,500,000.

22. After lengthy negotiations involving the Debtor's counsel, Lender's Counsel and the counsel for the bidder, DSI received a qualified, stalking horse bid, from Hickory Properties, Inc., a Delaware Corporation d/b/a Hickory Hills Country Club in the amount of $5,900,000 plus the agreement for the buyer to pay the outstanding real estate taxes of approximately $114,000, at closing. With a qualified bid from Hickory Properties, Inc., a Delaware Corporation d/b/a Hickory Hills Country Club and sales procedures that defined the Lender as a qualified bidder with an ability to credit bid, DSI called for an Auction Sale. Again, in accordance to the terms of the sale procedures, the Auction Sale was held the following Monday, March 12, 2012 at 10:00 AM (prevailing Central time) in the offices of Foley & Lardner LLP.

23. At the Auction Sale, the bid of $5,900,000 from Hickory Properties, Inc., a Delaware Corporation d/b/a Hickory Hills Country Club was tendered and First Midwest Bank, the Lender offered a backup bid of $5,890,000. The bids were accepted, pursuant to Court approval, and the Auction Sale was then adjourned.

6

24. The Debtor's Motion Under 11 U.S.C. §§ 105 and 363 for (I) Entry of Order Authorizing Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances and Interest in (II) Related Relief was filed on March 13, 2012 [DKT 214] and was held and approved on March 21, 2012 [Dkt No. 221].

25. The sale closed on March 30, 2012.

26. As payment to Development Specialists, Inc. was specifically to be paid out of the collateral of the Lender, DSI was wired $237,235.47 out of the closing proceeds from the sale of the Assets. DSI has transferred these funds into a DSI retainer account pending court approval of the fees and reimbursement of the expenses.

27. Pursuant to the terms of the engagement letter, the calculation of the Sales Agent's commission fees and expenses were as follows:

| Purchase Price | Rate | Fees |
|---|---|---|
| $4,000,000 | 3.50% | $140,000 |
| $1,500,000 | 4.25% | $ 63,750 |
| $ 400,000 | 5.25% | $ 21,000 |
| $5,900,000 | | $224,750 |

| | |
|---|---|
| Expenses | $24,985.47 |
| Less: | |
| Expense retainer paid earlier | $(12,500.00) |
| Expenses Outstanding | $12,485.47 |
| | |
| TOTAL FEES AND EXPENSES TO DEVELOPMENT SPECIALISTS, INC. AS Sales Agent to Green Garden Country Club | $237,235.47 |

## NOTICE

28. Due to the expense that would be incurred in serving this Application upon all creditors in the Case, and the fact that the Application seeks to be paid from funds that are not funds of the estate, the Applicant respectfully submits that sufficient cause exists to limit

7

service of the Application to the parties on the Special Service List, including all persons registered in the Case.

29. The Applicant respectfully requests that the above-notice (the "*Notice*") be deemed adequate and that the Court find that no other or further notice is necessary pursuant to Court or to any other court.

## NO PRIOR REQUEST

30. This Application is DSI's first and final application for compensation.

WHEREFORE, the Applicant respectfully requests that the Court enter an Order:

A. Finding Notice of the Application sufficient as given and that no other or further notice is necessary;

B. Approving on a final basis, DSI's fees in the amount of $224,750 (the "*Allowed Fees*") and Expenses in the amount of $24,985.47 (the "*Allowed Expenses*");

C. Authorizing DSI to apply the funds held in DSI's retainer account to the Allowed Fees and Allowed Expenses; and

D. Granting such other and further relief as this Court deems just and appropriate.

DATED: April 6, 2012

respectfully submitted,

STEVEN L. VICTOR
DEVELOPMENT SPECIALISTS, INC.

By: _____

Development Specialists, Inc.
70 West Madison Street - Suite 2300
Chicago, Illinois 60602
Tel: (312) 263-4141
Fax: (312) 263-1180
Email: svictor@dsi.biz

8